IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VICTOR CASTRO, | § | |
| *Plaintiff,* | § | SA-23-CV-00294-OLG |
| vs. | § | |
| LOUIS DEJOY, POSTMASTER GENERAL; | § | |
| *Defendant.* | § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1] and Motion for Appointment of Counsel [#2]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motions, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs and requests the appointment of counsel. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, but order Plaintiff to file a more definite statement. The Court will also deny the motion to appoint counsel.

### I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed and does not have sufficient monthly resources available to pay the filing fee.  The Court will therefore grant Plaintiff's Motion to Proceed IFP.

Plaintiff is advised, however, that although he has been granted leave to proceed IFP, this Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).  The Court will therefore order that Plaintiff's Complaint be docketed, but service upon Defendant will be withheld pending this Court's review of the plausibility of Plaintiff's claims under § 1915(e).

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's proposed Complaint asserts a cause of action under Title VII of the Civil Rights Act against Louis DeJoy, the Postmaster General of the United States Postal Service.  In Plaintiff's form civil rights complaint, he indicates that he is alleging employment discrimination on the base of his race, which is Hispanic.  Plaintiff does not provide any factual allegations regarding the nature of the alleged discrimination or when it occurred.  He simply attaches a copy of the

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

dismissal of his Equal Employment Opportunity Complaint by the Postal Service, dated December 29, 2022.

The dismissal decision references allegations by Plaintiff that, as the owner of the Cowboys Garage, he and employees of Cowboys Garage were subjected to racist comments and insults by employees of the Postal Service at the San Antonio Vehicle Maintenance Facility. Before ordering service of Plaintiff's Complaint on Defendant, the Court will order Plaintiff to file a More Definite Statement of the factual allegations underlying his Complaint. In order to sue the U.S. Postal Service (by suing the Postmaster General) for employment discrimination under Title VII, Plaintiff must, in fact, have been employed by the U.S. Postal Service at the time of the alleged discrimination. Based on the allegations in the record, it does not appear that Plaintiff is or ever was an employee of the U.S. Postal Service.

### III.  Motion to Appoint Counsel

Plaintiff also seeks the appointment of counsel. There is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). However, courts have the discretion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in *in forma pauperis* proceedings where exceptional circumstances are present. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In determining whether exceptional circumstances exist and whether the court in its discretion should appoint counsel in such a case, the following factors are relevant: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately representing herself; (3) the plaintiff's ability to adequately investigate and present her case; (4) the presence of evidence which consists largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and (5) the likelihood that appointment

will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in a just determination. *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

At this time, the Court finds no exceptional circumstances to be present in this case. If at a later juncture, the case becomes procedurally or substantively complex, or if the case proceeds to trial, Plaintiff may again petition the Court for the appointment of counsel.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. <u>Service upon Defendants should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that on or before **April 10, 2023**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court. Plaintiff is reminded to keep his statement **"short and plain,"** detailing only the facts relevant to his claims. *See* Fed. R. Civ. P. 8(a)(2). In this More Definite Statement, Plaintiff should include the following information:

- You are suing the Postmaster General for employment discrimination. Are you or were you an employee of the U.S. Postal Service? If you believe that you are/were, what is the basis of that belief?

- Please provide the Court with a description of the facts underlying your discrimination claim. What was the nature of the discrimination you believe you suffered? Who discriminated against you? What did he or she say or do? When did these acts occur?

- Please provide the Court with a copy of any administrative complaint you filed regarding the alleged discrimination.

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this \_\_\_\_ day of \_\_\_\_\_2023.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS FINALLY ORDERED** that Plaintiff's Motion for the Appointment of Counsel [#2] is **DENIED WITHOUT PREJUDICE** to refiling at a later date.

SIGNED this 20th day of March, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE