IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VICTOR CASTRO, | § | |
| *Plaintiff,* | § | SA-23-CV-00294-OLG |
| vs. | § | |
| LOUIS DEJOY, POSTMASTER GENERAL; | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

Before the Court is the above-styled cause of action, which was referred to the undersigned for a review of the pleadings pursuant to 28 U.S.C. § 1915(e). The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed pursuant to Section 1915(e).

**I. Background**

The record reflects that on March 20, 2023, the undersigned granted Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff's proposed Complaint to be docketed. However, the undersigned ordered that service be withheld pending further review of the plausibility of Plaintiff's claims. The undersigned directed Plaintiff to file a more definite statement on or before April 10, 2023, and warned Plaintiff that a failure to do so could result in dismissal for want of prosecution. After Plaintiff failed to file the ordered more definite statement, the undersigned issued a report and recommendation to dismiss this case for want of prosecution.

1

Thereafter, Plaintiff filed a document with the Court stating he had not received the order for a more definite statement and requesting an opportunity to provide more information for the Court.  The District Court re-referred this case and directed the Court to undertake a review of the pleadings.  The undersigned has considered Plaintiff's Objection to the Report and Recommendation [#10], which is construed as Plaintiff's more definite statement.  For the reasons that follow, the undersigned will again recommend dismissal of this case.

## II.  Legal Standard

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  A complaint lacks an arguable basis in law if it is based on "an indisputably meritless legal theory." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  This court is "vested with especially broad discretion" in making the determination of whether an IFP proceeding is frivolous or fails to state a claim. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

## III.  Analysis

Plaintiff's proposed Complaint asserts a cause of action under Title VII of the Civil Rights Act against Louis DeJoy, the Postmaster General of the United States Postal Service.  In Plaintiff's form civil rights complaint, he indicates that he is alleging employment discrimination

on the basis of his race, which is Hispanic. Plaintiff's complaint does not provide any factual allegations regarding the nature of the alleged discrimination or when it occurred. Plaintiff simply attached to his Complaint a copy of the dismissal of his Equal Employment Opportunity Complaint by the Postal Service, dated December 29, 2022. The dismissal decision references allegations by Plaintiff that, as the owner of the Cowboys Garage, he and employees of Cowboys Garage were subjected to racist comments and insults by employees of the Postal Service at the San Antonio Vehicle Maintenance Facility.

      The undersigned's order for a more definite statement asked Plaintiff to clarify whether he was an employee of the United States Postal Service for purposes of his claims of employment discrimination. Plaintiff's more definite statement confirms that he is not an employee of the United States Postal Service but rather contracts with the United States Postal Service to perform additional vehicle maintenance for postal vehicles sent to the Vehicle Maintenance Facility. The discrimination he allegedly suffered occurred when United States Postal Service employees dropped vehicles at his garage for maintenance.

      Plaintiff is only entitled to relief under Title VII for actionable employment discrimination, i.e., only if the United States Postal Service was his employer at the time of the alleged discrimination. *See* 42 U.S.C. § 2000e-2(a). To determine whether an employment relationship exists within the meaning of Title VII, this Court applies a hybrid economic realities/common law control test, which evaluates whether the alleged employer has the right to hire, fire, supervise, and set the work schedule of the employee; has the right to set the employee's salary; and has the right to set the various terms and conditions of employment. *Muhammad v. Dallas Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007).

Plaintiff admits in his pleadings that he was not an employee of the United States Postal Service. Rather, he is the owner of an independent mechanic shop where the Postal Service brought vehicles for service. The undersigned acknowledges the offensiveness of the alleged discrimination Plaintiff claims to have suffered. However, because Plaintiff's pleadings do not allege an employment relationship with the United States Postal Service, he is not entitled to relief under Title VII for employment discrimination under the governing law.

Although Plaintiff's claims of race discrimination against the United States Postal Service are not actionable under Title VII, Plaintiff my have other avenues to pursue a remedy for the allegedly discriminatory treatment. The United States Postal Service has mechanisms for filing complaints about misconduct by its employees. Additionally, Plaintiff may be able to pursue claims against the individual post office employees involved in the allegedly discriminatory conduct for a violation of his equal protection rights. However, the current lawsuit, which sues the Postmaster General of the United States Postal Service under Title VII, must be dismissed.

### IV.  Conclusion and Recommendation

Having considered Plaintiff's Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that Plaintiff's claims be **DISMISSED** for failure to state a claim.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 23rd day of August, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE